IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br>v.<br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, and AMNEAL EU, LIMITED,<br><br>Defendants. | Case No.: 1:24-cv-04607-JFM |
| SALIX PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br>v.<br>NORWICH PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No.: 1:24-cv-7140-JFM |

**JOINT STATUS REPORT**

Pursuant to the Court's order, Dkt. 133, Plaintiffs Salix Pharmaceuticals, Inc.; Salix Pharmaceuticals, Ltd.; Alfasigma S.p.A.; and Bausch Health Ireland, Ltd. (collectively, "Salix"); Defendants Amneal Pharmaceuticals of New York, LLC and Amneal EU, Limited (together, "Amneal"); and Defendant Norwich Pharmaceuticals, Inc. ("Norwich") (collectively, "Defendants") through their undersigned counsel submit this joint status report on trial readiness.

**Salix's Position.** Salix requests this Court defer setting a trial date until the U.S. Court of Appeals of the D.C. Circuit and the U.S. Food and Drug Administration ("FDA") resolve the outstanding issues concerning the 180-day exclusivity period of the first applicant for generic rifaximin (Actavis, now Teva Pharmaceuticals Inc.) in a pending action brought by Norwich under the Administrative Procedure Act ("APA"). Unless forfeited, Teva's 180-day exclusivity is a

statutory bar on final approval of Amneal and Norwich's ANDAs under 21 U.S.C. §355(j)(5)(B)(iv), regardless of patent infringement issues.

Alternatively, Salix respectfully requests the Court order a *single*, consolidated five-day trial starting on one of the following dates: June 8, July 6, or August 3, 2026, which are the earliest possible dates based on the availability of Salix's experts (five technical experts and one economic expert) and fact witnesses.[1]  Separate trials for Amneal and Norwich would be highly inefficient and duplicative because Salix's fact witnesses and the parties' expert witnesses for the IBS-D patents are the same in both cases and would offer substantially the same testimony concerning both infringement and invalidity issues.

*    *    *    *

In the APA action referenced above, the U.S. District Court for the District of Columbia found Teva has not forfeited its 180-day period of market exclusivity and refused to order final approval of Norwich's ANDA.  *See Norwich Pharms., Inc. v. Kennedy et al.,* Case No. 25-091, 2025 WL 1148463 (D.D.C. April 18, 2025).  Norwich appealed this decision to the D.C. Circuit, and that appeal is pending (Appeal No. 25-5137).  The D.C. Circuit held oral argument on December 11, 2025, and the parties completed supplemental briefing on January 30, 2026.

On appeal, Norwich asked the D.C. Circuit to reverse the D.C. district court and "order FDA to act on Norwich's '370 ANDA within 14 days of issuance of the mandate."  *See* CADC 25-5137 Dkt. No. 2152642 (Norwich's Supplemental Brief) at 30.  FDA, and Salix and Teva as intervenors, asked the D.C. Circuit to affirm, or in the alternative, to remand to FDA for further consideration of Teva's exclusivity.  *See* CADC 25-5137 Dkt. Nos. 2155680, 2155762, 2155772

---

[1] Salix expects that hotel availability in Philadelphia during these weeks will be extremely limited due to overlapping events including the FIFA World Cup, the America 250 celebrations, and the Major League Baseball All-Star Game.

2

(Teva, Salix, and FDA's Supplemental Briefs). Salix also asked for remand for FDA to address issues relating to the patent certifications made by Norwich in its ANDA, which are also relevant to the timing of final approval. *See* CADC 25-5137 Dkt. Nos. 2142865 (Salix Brief) at 20-23, 2155762, (Salix's Supplemental Brief) at 10-13.

Should the D.C. Circuit affirm, FDA could not grant final approval to the Amneal or Norwich ANDAs until at least 180 days after Teva launches its generic rifaximin product, which is anticipated to occur in January 2028. If the D.C. Circuit reverses, it could remand to FDA, which appellants FDA, Teva, and Salix argue is required due to the need to develop an administrable approach, make new factual determinations, and develop facts beyond the existing record. *See* CADC 25-5137 Dkt. Nos. 2155680, 2155762, 2155772. If remanded, FDA could not issue final approval of Norwich's and Amneal's ANDAs until it re-evaluates Teva's 180-day exclusivity and Norwich's patent certifications. FDA has opposed any definite time limit on its consideration. *See* CADC 25-5137 Dkt. No. 2155772 at 26.

The timing of a D.C. Circuit or FDA decision is uncertain; however, a trial date in July or August 2026 or later should allow time for the D.C. Circuit to render its opinion and allow the parties and this Court to avoid expending significant resources on a trial that may be premature.

Additionally, Amneal and Norwich have indicated they intend to file a joint motion for summary judgment, with briefing to be completed on April 7. Assuming the Court remains willing to entertain such a motion, the Court should defer setting a trial date until after it resolves the summary judgment issues.

Finally, Norwich informed the D.C. Circuit that it is "prepared to launch and deliver its lower-priced generic to patients immediately." CADC 25-5137 Dkt. No. 2152642 at 12. Thus, Norwich is apparently willing to launch its generic rifaximin product "at risk" before this Court

3

decides infringement or invalidity of Salix's patents. To avoid the inefficiencies of preliminary injunction proceedings either before, during, or after trial, Norwich should refrain from launching its product until this Court issues a decision on the merits of Salix's patent infringement claims.

**Amneal's Position.** Amneal is not a party to the APA action referenced above. The issues in this case—*e.g.*, Amneal's non-infringement and the invalidity of Salix's patents-in-suit—are not at issue in the APA action, which addresses the regulatory status of Teva and Norwich's ANDAs. Salix's attempt to use an entirely different and unrelated action in order to postpone resolution of this patent litigation is emblematic of Salix's strategy throughout these proceedings: delay. Tellingly, Salix ignores that if the D.C. Circuit reverses, and Teva is found to have forfeited its regulatory exclusivity, then the 30-month stay in this case, which expires on August 29, 2026, is the only hurdle preventing Amneal from launching its ANDA product. In other words, Salix's request to postpone trial until after the D.C. Circuit issues its opinion is a *de facto* request for an injunction akin to extending the 30-month stay.

Amneal would have preferred a May 2026 trial date, in which case it would have forgone filing its renewed summary judgment motion. But Salix states that it cannot be available for trial until, at earliest, June 2026. If true, then Amneal proposes to renew its motion for summary judgment, as contemplated by the Court in its August 5, 2025, Order (Dkt. 123 p. 2) followed by trial, if necessary, shortly thereafter. At bottom, Amneal respectfully requests that the Court allow for the disposition of this case prior to the expiration of the 30-month stay. Given the Court's recently modified procedure concerning summary judgment motions, requiring input from all parties on the statement of material facts, Amneal already started conferring with counsel for all parties and proposes the below briefing schedule:

1. Defendants to serve opening supplemental SOMF: February 10, 2026
2. Plaintiffs to serve responsive positions to supplemental SOMF: February 24, 2026

4

3. Defendants to file reply positions to supplemental SOMF (if any) and file summary judgment opening papers: March 10, 2026

4. Plaintiffs file opposition to summary judgment motion: March 31, 2026

5. Defendants file reply in further support of summary judgment motion: April 7, 2026

*****

Amneal requests a 5-day bench trial in Philadelphia shortly after the disposition of its renewed motion for summary judgment. Based on current information known to Amneal concerning witness availability, Amneal is unavailable for trial the week of June 15 and June 22

**Norwich's Position.** Norwich respectfully asks the Court to set a trial date, if necessary, that follows shortly after the Court has entered a decision on Defendants' forthcoming summary judgment motion. The asserted claims of the IBS patents asserted against Norwich in this case have no patentably material differences from the patent claims adjudicated to be invalid under 35 U.S.C. §103 in *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 20-430, 2022 WL 3225381, at *1 (D. Del. Aug. 10, 2022), *aff'd*, 98 F.4th 1056 (Fed. Cir. 2024) (collectively, "*Norwich I*"). Indeed, the IBS patents asserted here were only permitted to issue after Salix terminally disclaimed them over one of the invalidated patents. The basis for Defendants' summary judgment motion is that the doctrine of collateral estoppel bars Salix from relitigating the same issues of invalidity previously addressed in *Norwich I*. Because the IBS patent claims are the only claims asserted against Norwich, a summary judgment decision in Norwich's favor would resolve the parties' dispute, or at minimum significantly narrow the disputed issues for trial.

Defendants have proposed a briefing schedule whereby all filings relating to their summary judgment motion would be completed by April 7, 2026.

To the extent a trial is needed concerning the asserted IBS patents, Norwich would be amenable to conducting a single trial in the Norwich and Amneal Actions. However, Salix has

5

not asserted any polymorph patent against Norwich in this case, and the polymorph patent asserted against Amneal involves different plaintiffs. In addition, the IBS patents and polymorph patents will involve different issues and a different slate of fact and expert witnesses. Therefore, Norwich would ask that the Court, if possible, conduct a trial in a phased manner by patent family. Norwich anticipates that a trial, if necessary, concerning the IBS patents would take no more than three days. Norwich does not object to the Court holding trial in Philadelphia.

The Court should reject Salix's attempt to delay the resolution of this patent case based on the timing of a decision in Norwich's APA action against FDA. The resolution of Norwich's APA action does not affect any patent-based claim or defense at issue in this case.

The Court should also reject Salix's extraordinary request[2] to effectively obtain a preliminary injunction against Norwich *without* having to meet the requirements for a preliminary injunction. Salix knows that it cannot meet those requirements in view of at least the *Norwich I* decision invalidating claims that are patentably indistinct from those asserted in this case. And Salix has long-known that FDA granted Norwich's ANDA tentative approval in January 2025 and that Norwich immediately challenged FDA's failure to grant it final approval. Salix's request is particularly incongruous in view of its position that a preliminary injunction proceeding is not required, and that its experts are not available until summer. In effect, Salix asks the Court to enter an injunction extending Salix's twenty-two year United States monopoly on rifaximin, while excusing Salix from demonstrating that it is entitled to one. Salix fails to provide any factual or legal basis supporting a *de facto* preliminary injunction, and its request should be denied.

---

[2] Salix's initial position in this status report was to "request[ ] this Court to order Norwich to refrain from launching its product until this Court issues a decision on the merits of Salix's patent infringement claims." After receiving Norwich's responsive position, Salix changed its language to the current "Norwich should refrain from launching. . . ." Because it is unclear whether Salix is addressing its position to the Court – and therefore is implicitly requesting the order it initially indicated – or merely expressing its desire to Norwich, Norwich has left its initial response in place.

Dated:  February 6, 2026

By:  *s/ Harvey Bartle IV*
Harvey Bartle IV
**MORGAN, LEWIS & BOCKIUS LLP**
**(A Pennsylvania Limited Liability Partnership)**
502 Carnegie Center
Princeton, New Jersey 08540
Tel: 609.919.6688
Fax: 609.919.6701
harvey.bartle@morganlewis.com


*Attorney for Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., and Bausch Health Ireland Ltd.*

Respectfully submitted,

By: *s/ Rebekah Conroy*
Rebekah Conroy
**STONE CONROY LLC**
25 A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel.: (973) 400-4181

Jake M. Holdreith
Christopher A. Pinahs
Samuel J. LaRoque, Ph.D.
**ROBINS KAPLAN LLP**
800 LaSalle Ave, Suite 2800
Minneapolis, MN 55402
Tel.: (612) 349-8500

Oren D. Langer
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas
Suite 2601
New York, NY 10019
Tel.: (212) 980-7400

*Attorneys for Defendants Amneal Pharmaceuticals of New York, LLC, and Amneal EU, Limited*


By: *s/ Katherine Escanlar*
Arnold B. Calmann
Katherine A. Escanlar
**SAIBER LLC**
7 Giralda Farms, Suite 360
Madison, NJ 07940
T: (973) 622-3333
F: (973) 622-3465
abc@saiber.com
kescanlar@saiber.com

OF COUNSEL
Matthew J. Becker (mbecker@axinn.com)
Thomas K. Hedemann (thedemann@axinn.com)
Edward M. Mathias (tmathias@axinn.com)

Matthew S. Murphy (mmurphy@axinn.com)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Defendant Norwich Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Harvey Bartle IV, do hereby certify that on February 6, 2026, I caused a true and correct copy of the Joint Status Report to be served upon all counsel of record via CM/ECF or email.

Dated: February 6, 2026                    *s/ Harvey Bartle IV*
                                                         Harvey Bartle IV