# EXHIBIT 1

**EXHIBIT 1**

**IBS-D OBVIOUSNESS: FACTUAL ISSUES, OVERLAP, AND ISSUE-PRECLUSION EFFECT**

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| **A. Prior Art and Common Dosing-Regimen Findings** | | | |
| Scope/content of prior art: whether Pimentel 2006 and the RFIB 2001 Protocol are pertinent prior art. | *Norwich I* treated Pimentel 2006 and the RFIB 2001 Protocol (and the RFIB 2001 Press Release) as prior art pertinent to the IBS-D claims. *Norwich I* DC at *17-20. | **FULL** | **Applies.** Salix does not seek to relitigate the identity of these references as pertinent prior art. |
| Content of Pimentel 2006: what the reference teaches. | *Norwich I* found, among other things, that Pimentel 2006 used 400 mg TID for 10 days in IBS patients aged 18-65; reported statistically greater global improvement than placebo and sustained improvement through follow-up; suggested a potentially higher optimal dose; and did not find improvement in abdominal pain or diarrhea. *Norwich I* DC at *19-20. | **FULL** | **Applies to those teachings actually found.** It does not establish that Pimentel 2006 discloses the new claim limitations. |
| Content of RFIB 2001 Protocol: what the protocol teaches. | *Norwich I* found the protocol described a Phase II IBS-D trial using rifaximin doses within a stated range for a 14-day regimen and included adequate-relief and durability-of-response outcome measures. *Norwich I* DC at *19. | **FULL** | **Applies to those teachings actually found.** It does not establish disclosure of the new claim limitations or results for them. |
| Whether the prior art discloses the common dosing regimen: 550 mg rifaximin TID for 14 days. | *Norwich I* found the asserted dosing regimen fell within the known range and that a POSA would have been motivated to select an optimal regimen within that range. *Norwich I* DC at *17, *19-20. | **FULL** | **Applies.** The common dosing-regimen finding may be taken as established, but it does not resolve disclosure of the additional limitations. |

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| **B. New Claim-Limitation Disclosure Issues** | | | |
| Whether Pimentel 2006 and RFIB 2001 disclose treating bloating associated with IBS-D in a female subject ('571 claim 1). | *Norwich I* decided disclosure for different claims: treating one or more IBS/IBS-D symptoms in a subject (including a subject 65 or older), not treating bloating associated with IBS-D in a female subject. *Norwich I* DC at *17-20. | **PARTIAL** | **Applies only to the common subsidiary facts.** No preclusion as to whether the references disclose the added bloating-associated-with-IBS-D and female-subject limitations. |
| Whether the references disclose a reduction from baseline symptoms ('571 claim 2; '912 claim 5). | The *Norwich I* claims did not require the claimed reduction from baseline, and *Norwich I* did not decide whether the asserted prior-art combination discloses that limitation. | **NONE** | **Does not apply to disclosure of the reduction-from-baseline limitation.** |
| Whether the references disclose the claimed reduction achieved within the period recited by the 7 Days Limitation ('571 claim 3; '912 claim 6). | The *Norwich I* claims did not contain the 7 Days Limitation, and *Norwich I* did not decide whether the asserted prior-art combination discloses achievement of the claimed reduction within that period. | **NONE** | **Does not apply to disclosure of the 7 Days Limitation.** |
| Whether the references disclose the claimed affirmative-response assessment ('571 claim 4; '912 claim 7). | The *Norwich I* claims did not require the claimed affirmative response, and *Norwich I* did not decide whether the asserted prior-art combination discloses that limitation. | **NONE** | **Does not apply to disclosure of the affirmative-response limitation.** |
| **C. Motivation and Reasonable Expectation of Success** | | | |
| Whether a POSA would have been motivated to combine Pimentel 2006 and RFIB 2001 to use rifaximin and select the 550 mg TID/14-day regimen for IBS-D. | *Norwich I* found motivation to combine the references, use rifaximin for IBS-D, and select a dosing regimen within the known range. *Norwich I* DC at *17, *19-20. | **FULL** | **Applies to those subsidiary motivation findings only.** |
| Whether a POSA would have been motivated to combine the references to achieve each asserted claimed invention, including the new female-subject, bloating-associated-with-IBS-D, baseline-reduction, 7 Days, and affirmative-response limitations. | *Norwich I* did not adjudicate motivation to achieve these claim-specific combinations because those limitations were not before it. The court also noted the parties did not discuss whether motivation differed between treating IBS and IBS-D. *Norwich I* DC at *19 n.3. | **NONE** | **Does not apply.** The claim-specific motivation questions remain to be decided here. |

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| Whether a POSA would have had a reasonable expectation of success in achieving each asserted claimed invention, including the new limitations. | *Norwich I* found a reasonable expectation of success for the different IBS-D claims then before it, including the dosing regimen. It did not decide expectation of success for achieving the new limitations now claimed. | **PARTIAL** | **Applies only to the common subsidiary findings.** No preclusion as to reasonable expectation of achieving the new claimed combinations. |
| Whether the prior art taught away from use of rifaximin for IBS-D according to the previously adjudicated methods. | *Norwich I* found the prior art did not teach away from using rifaximin to treat IBS-D according to the methods before that court. *Norwich I* DC at *17, *21. | **PARTIAL** | **Applies to that finding, but does not decide teaching-away or other prior-art considerations tied to the new limitations.** |
| **D. Objective Indicia of Nonobviousness** | | | |
| Objective indicia: skepticism with a nexus to the asserted claims. | *Norwich I* considered skepticism directed to the dosing regimen/claims before it. *Norwich I* DC at *21-22. It did not decide nexus or skepticism as to the newly asserted claim combinations. | **PARTIAL** | **Applies only to the skepticism issue actually litigated and necessary there; claim-specific nexus and evidence remain open.** |
| Objective indicia: long-felt but unmet need with a nexus to the asserted claims. | Not litigated or decided in *Norwich I* as to the asserted claims. | **NONE** | **Does not apply.** |
| Objective indicia: unexpected results with a nexus to the asserted claims. | Not litigated or decided in *Norwich I* as to the asserted claims. | **NONE** | **Does not apply.** |
| Objective indicia: commercial success with a nexus to the asserted claims. | Not litigated or decided in *Norwich I* as to the asserted claims. | **NONE** | **Does not apply.** |