# EXHIBIT 2

**EXHIBIT 2**

**RIFAXIMIN POLYMORPH OBVIOUSNESS: FACTUAL ISSUES, OVERLAP, AND ISSUE-PRECLUSION EFFECT**

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| **A. Priority Date and Prior-Art Scope** | | | |
| Priority date of the asserted polymorph claims: March 3, 2005. | *Norwich I* did not address that priority date because a different patent family was at issue. | **NONE** | **Does not apply.** The March 3, 2005 priority date was not addressed in *Norwich I*. |
| Scope/content of the prior art and claims directed to rifaximin δ and ε. | *Norwich I* addressed polymorph claims directed to rifaximin β with a November 7, 2003 priority date, not claims directed to rifaximin δ or ε. *Norwich I* at *3. | **NONE** | **Does not apply.** *Norwich I* did not decide the scope/content differences for the δ- and ε-directed claims. |
| Whether Cannata, Marchi, and the Normix Label are prior art. | *Norwich I* found that Cannata, Marchi, and the Normix Label are prior art. *Norwich I* at *3. | **FULL** | **Applies.** The status of those references as prior art may be taken as established. |
| **B. Production and Identity of Rifaximin δ and ε** | | | |
| Whether practicing the Cannata or Marchi processes would directly produce rifaximin δ or ε. | *Norwich I* found the Cannata processes did not produce rifaximin β each and every time practiced. *Norwich I* at *3. *Norwich I* did not decide whether the Cannata or Marchi processes directly produce δ or ε. | **PARTIAL** | **Applies only to the β-related finding.** No preclusion as to whether the processes directly produce δ or ε. |
| How commonly, if at all, practicing the Cannata or Marchi processes would produce rifaximin δ or ε. | *Norwich I* did not decide how commonly those processes produce δ or ε. It found that Cannata commonly produced β. *Norwich I* at *7. | **PARTIAL** | **Applies only to the finding that Cannata commonly produced β.** No preclusion as to the frequency, if any, of producing δ or ε. |

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| Whether the rifaximin δ or ε described in the Viscomi Declaration was directly made by Cannata or Marchi or arose later during storage or interconversion. | *Norwich I* did not address whether the δ or ε described in the Viscomi Declaration was directly made by Cannata or Marchi or arose later during storage or interconversion. | NONE | **Does not apply.** That provenance and interconversion issue remains to be decided here. |
| **C. Motivation and Reasonable Expectation of Success** | | | |
| How the New Zealand Application's disclosures concerning rifaximin α, β, and γ—including water content and interconversion—would have affected a POSA's motivation and expectations concerning additional new forms δ or ε. | *Norwich I* did not address how the New Zealand Application's disclosures concerning α, β, and γ—including water content and interconversion—would affect motivation or expectations concerning δ or ε. | NONE | **Does not apply.** Those New Zealand Application-specific motivation and expectation questions remain open. |
| Whether a POSA as of March 3, 2005 would still have been motivated to characterize the crystalline rifaximin made by the Cannata processes. | *Norwich I* found that a POSA as of the earlier priority date would have been motivated to characterize rifaximin produced by Cannata because rifaximin was a potential drug candidate and FDA guidance encouraged characterization of solid forms. *Norwich I* at *7. It did not address the March 3, 2005 date. | PARTIAL | **Applies only to the earlier-date and prior-art subsidiary finding.** No preclusion as to motivation as of March 3, 2005. |
| Whether a POSA as of March 3, 2005, in view of the New Zealand Application disclosing rifaximin forms α, β, and γ, would have reasonably expected to obtain rifaximin δ or ε by following a Cannata method. | *Norwich I* did not address that question. | NONE | **Does not apply.** The δ/ε expectation-of-success issue in view of the New Zealand Application remains to be decided here. |
| Whether a POSA would have been motivated to combine Cannata with Marchi. | *Norwich I* found that a POSA would have been motivated to combine Cannata with Marchi in light of common knowledge. *Norwich I* at *3. | FULL | **Applies to the motivation-to-combine finding.** It does not by itself establish that the combination would produce δ or ε. |

| Factual issue here | What *Norwich I* decided / did not decide | Overlap | Preclusive effect here |
|---|---|---|---|
| Whether a POSA would have had a reasonable expectation of successfully obtaining rifaximin δ or ε by practicing the Cannata or Marchi processes. | *Norwich I* found a reasonable expectation of success in characterizing β, 'as opposed to the other forms of rifaximin,' because the evidence strongly suggested that β was commonly produced by Cannata and was the most stable form. *Norwich I* at *7. | **PARTIAL** | **Applies only to the β-specific expectation-of-success finding.** No preclusion as to successfully obtaining δ or ε. |
| **D. Disclosure of Claim Limitations** | | | |
| Whether Cannata or Marchi, in view of common knowledge, disclose all polymorph-specific limitations of the '196 patent claim 7, including a therapeutically effective amount of rifaximin δ and/or ε with the recited δ/ε XRPD peaks. | *Norwich I* did not address those δ/ε limitations. It found that Cannata/common knowledge disclosed each limitation of the '199 patent claim directed to β and that Marchi/Cannata/common knowledge disclosed each limitation of the '206 patent pharmaceutical-composition claim directed to β. *Norwich I* at *3. | **PARTIAL** | **Applies only to the β-directed disclosure findings.** No preclusion as to the δ/ε-specific limitations of the '196 patent claim 7. |